UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14270-RGS

KYLE RICHARD PRATT

v.

JEFF GRONDOLSKY

ORDER ON REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

February 5, 2016

STEARNS, D.J.

I agree with Magistrate Judge Kelley's conclusion that Petitioner Kyle Pratt's Complaint fails to comply with Fed. R. Civ. P. 8. While Pratt's 193-page Complaint (which includes 185 pages of exhibits) contains numerous legal references and factual allegations, it fails to provide any context that would permit Respondent Warden Grondolsky to determine the nature of any specific claim and whether Pratt is plausibly entitled to relief. *See Cortes-Rivera v. Dep't of Corrs.*, 626 F.3d 21, 28-29 (1st Cir. 2010), quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1171 (1st Cir. 1995) ("The fundamental purpose of our pleadings rules is to protect a defendant's 'inalienable right to know in advance the nature of the cause of action being asserted against him.'").

However, I part company with Magistrate Judge Kelley's recommendation that Pratt be granted leave to file an Amended Complaint. Pratt filed his habeas petition in November of 2014. On March 5, 2014, the court granted Pratt's motion for leave to amend his petition. On June 18, 2015, the court entered a pretrial Order requiring that any further amendments to the pleadings be made by August 3, 2015. After discovery closed, on October 14, 2015, Warden Grondolsky moved to dismiss the petition. Pratt requested sixty days to oppose, which the court allowed (until December 14, 2015). Notwithstanding, Pratt failed to file any opposition. On January 21, 2016, the Magistrate Judge issued her Report, recommending dismissal, but also granting yet another leave to amend. On February 4, 2016, Pratt filed a motion, asking for sixty days to file an Amended Complaint. At this stage of the pleadings, this request comes too late, particularly in light of the petitioner's failure to oppose the motion to dismiss (despite being given an extra 45 days to do so) or to move to amend instead. *See Lefebvre v. Comm'r of Internal* Revenue, 830 F.2d 417, 419 (1st Cir. 1987) ("While pro se pleadings are viewed less stringently, a petitioner who elects to proceed pro se must comply with the applicable procedural and substantive rules of law.").

The Magstrate Judge's Report is ADOPTED in part, and the petition is DISMISSED with prejudice. The Clerk will enter judgment for the Respondent and close the case.[1]

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253 of the court's Order dismissing his petition is also <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal.